STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

April 8, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ALJOURNEN C. WOLFE SR.,**
**Claimant Below, Petitioner**

**vs.)  No. 12-1142** (BOR Appeal No. 2047029)
          (Claim No. 990053900)

**CONSOLIDATION COAL COMPANY/ MORGANTOWN OPERATIONS,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Aljournen C. Wolfe Sr., by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Consolidation Coal Company, by Gary W. Nickerson and James W. Heslep, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 28, 2012, in which the Board affirmed a March 7, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 25, 2009, decision denying Mr. Wolfe's application for permanent total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Wolfe worked for over twenty years in the coal mining industry. In the course of his employment, Mr. Wolfe sustained several occupational injuries that were held compensable and for which he was granted several permanent partial disability awards. On February 22, 1999, Mr. Wolfe sustained a low back injury while shoveling coal over his head. The claims administrator held the claim compensable for a lumbosacral sprain and a lumbar sprain. The claims administrator also granted Mr. Wolfe a permanent partial disability award, which brought the sum of his prior awards to 57%. Following this injury, Mr. Wolfe stopped working due to

1

continuing back problems and filed for permanent total disability benefits. Charles Werntz III, D.O., then evaluated Mr. Wolfe and found that he had adopted a disabled lifestyle. Dr. Werntz also found that Mr. Wolfe would be unable to perform tasks requiring fine dexterity because of his loss of grip strength. Andrew Barrish then performed a functional capacity evaluation and found that Mr. Wolfe had significant functional limitations primarily related to his back pain. Mr. Barrish found that Mr. Wolfe was at best capable of working at a sedentary physical demand level. James Williams performed a vocational evaluation and found that Mr. Wolfe had a variety of vocational opportunities for employment at the sedentary physical demand level within fifty miles of his home. Mr. Williams found that Mr. Wolfe was capable of working because he could drive, walk, stand, sit, and accomplish the majority of daily activities. Mr. Wolfe's claim was then referred to the Permanent Total Disability Reviewing Board, who found that he had a combined whole person impairment of 43% but was able to engage in gainful employment at the sedentary physical demand level. On March 25, 2009, the claims administrator denied Mr. Wolfe's application for permanent total disability benefits. Lisa Goudy then performed a vocational evaluation for Mr. Wolfe and found that he was unable to return to his prior work in the coal mining industry because of the combined effects of his compensable injuries. Ms. Goudy also found that Mr. Wolfe would have great difficulty performing sedentary jobs because he had problems performing tasks requiring fine manual dexterity. Erin Saniga also performed a rehabilitation evaluation and identified several available entry-level sedentary positions within Mr. Wolfe's geographic area. Ms. Saniga believed that Mr. Wolfe's limitations in manual dexterity would not prevent him from performing light typing or light computer work. On March 7, 2012, the Office of Judge affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on August 28, 2012, leading Mr. Wolfe to appeal.

The Office of Judges concluded that Mr. Wolfe was not permanently and totally disabled because he was able to engage in gainful employment at the sedentary physical demand level, which required skills or abilities that he could acquire. The Office of Judges found that Mr. Wolfe would not be able to return to his pre-injury employment in the coal mining industry but that he was still able to engage in substantial gainful employment. The Office of Judges based this determination on the rehabilitation evaluation of Ms. Saniga. The Office of Judges found that Mr. Wolfe would be able to work at a sedentary physical demand level and that Ms. Saniga had identified several available entry-level sedentary positions in his geographic area. The Office of Judges noted that Ms. Saniga found that Mr. Wolfe's physical limitation would not prevent him from performing light typing or computer work. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Wolfe has not demonstrated that he is permanently and totally disabled such that he is unable to engage in substantial gainful employment. West Virginia Code § 23-4-6(n)(2) (2005). Although the Office of Judges found that Mr. Wolfe is not able to return to his job in the coal mining industry due to his compensable injuries, the evidence in the record shows that Mr. Wolfe is capable of working at a sedentary physical demand level. The report of Dr. Werntz indicates that Mr. Wolfe may have difficulty performing high level manual tasks. But Ms. Saniga's report indicates that Mr. Wolfe would be able to perform light typing and computer related tasks that would be required at entry-level sedentary jobs. Ms. Saniga's report also shows

that there are available jobs at the sedentary physical demand level within Mr. Wolfe's geographic area.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: April 8, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum